## CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE

This form is provided as a courtesy to the parties only. It is not required to be used in this transaction and may not fit the needs, goals and purposes of the parties. The Mississippi Association of REALTORS® makes no statement or warranty as to this form, its contents or use, and the parties, by their use of this form, acknowledge said facts and agree that neither the Mississippi Association of REALTORS® nor any member thereof shall be liable to any party or person for its contents or use. If any party to this transaction does not fully understand it, or has any question, the party should seek advice from a competent legal professional before signing.

1. 1. **PARTIES.** Buyer(s) _Douglas Edwin Keyes_
2. Seller(s) _____
3. Buyer(s) agree to buy and Seller(s) agree(s) to sell, the herein described property on the terms and conditions set forth herein.
4. 2. **PROPERTY.** Description: _Lot 15 Blk A Woodland Hills plus Additional_
5. _description_
6. _3426 Old Canton Rd_ in _Jackson  MS  39216_ , County, MS
7. (street address) (city/town/zip code)
8. together with the following items: _all TV's, mirrors, sound equipment_
9. _____
10. _____ and _____ all items permanently attached, unless specifically excluded herein. The Property is further
11. described as tax parcel # _3-14-1_ in the public records of the county
12. within which the property is located, the exact legal description to be determined by survey (if warranted or agreed).
13. **Mineral Rights:** Seller(s) will transfer ☒ ANY ☐ NONE _____ ☐ OTHER _____ (%) of mineral rights
14. which it possesses in the real property to the Buyer(s).
15. 3. **PURCHASE PRICE:** Buyer will pay a total price of $ ~~335,000~~ $365,000 as follows:
16. Cash Down Payment at Closing (subject to adjustments and pro-rations) $ _____
17. Balance: $ _____ payable as (check one)
18. (A) ☐ Cash
19. (B) ☒ New Loan (check appropriate boxes): ☐ FHA ☐ VA ☒ CONV ☐ Other: _____
20. ☐ Adjustable ☐ Fixed
21. 4. **EARNEST MONEY.** A sum of $ _15,000_ (cash ☐ check ☒) is to be deposited with
22. _Elizabeth Knight Realtor_ [Broker/Trustee], who shall hold it in trust, presuming clearance
23. of check. Upon acceptance of the Contract, earnest money deposit and down payment received by above named Broker/Trustee
24. shall be deposited in a federally insured escrow account and shall remain in that account until the transaction has been
25. consummated or terminated. In any event of failure to close, Broker/Trustee has authority to provide the earnest money to the
26. rightfully entitled party based upon the terms of the Contract. In the event the Broker/Trustee cannot determine by terms of the
27. Contract which party is rightfully entitled to the earnest money, the Broker/Trustee shall interplead the funds.
28. 5. **CONTINGENCIES.**
29. **(A) No Waste.** This Contract is conditioned upon delivery of the Property and any and all improvements in their present condition,
30. reasonable wear and tear excepted. Seller(s) shall preserve the Property in its present general condition, normal wear and tear
31. excepted, and shall not permit the Property to suffer waste avoidable by the reasonable exercise of due care. Any material change to
32. the Property shall be disclosed in accordance with the Mississippi Real Estate Brokers License Law of 1954, as amended, allowing for
33. termination of the offer as prescribed by law (*see* Miss. Code Ann., Sec. 89-1-503).
34. **(B) Loan and Insurance.** Contract is contingent upon (1) Buyer(s) being approved for a loan sufficient to close and (2) approval of
35. homeowner's insurance to be issued to Buyer(s) at Closing. Within seven (7) calendar days after the Effective Date of the Contract,
36. Buyer(s) will make application in proper form for both the loan(s) and homeowner's insurance, shall cooperate with parties to obtain
37. approval(s), diligently and timely pursue the same in good faith, execute all documents and furnish all information and documents
38. required, and make timely payments of any costs of obtaining such loan and insurance commitments. Within twenty-one (21) calendar
39. days of the Effective Date of the Contract, Buyer(s) shall deliver to Seller(s) (1) written notice of initial pre-qualification approval
40. from Lender, and (2) written proof of a commitment to issue insurance. Failure of the Buyer(s) to make timely application for loan
41. and/or insurance or deliver the initial prequalification notice or proof of insurability shall entitle the Seller(s) <u>at its option</u> to (A) excuse
42. the failure and proceed with the transaction on such terms as the parties may agree to in writing in the form of an amendment to the
43. Contract; <u>OR</u> (B) declare the contract void and refund to Buyer(s) the earnest money deposit.

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate
Elizabeth Knight, REALTOR P O Box 13295 Jackson, MS 39211
Phone: (601)981-0460    Fax:             Elizabeth Knight
Rev. Date 02/2013
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

EXHIBIT A

44. **(C) Appraisal.** ☒ Applicable   ☐ Not Applicable (Check One)
45. If applicable, Property must appraise at or above Purchase Price or Buyer(s) shall not be obligated to complete the purchase of the
46. Property and all earnest money shall be refunded to Buyer(s).
47. **(D) Warranty And Inspections. (Select One):**
48. ☐ **"AS IS" Sale Without Warranty; No Home Inspection.** Buyer(s) has/have inspected the property and find(s) same to be in
49. satisfactory condition and DO(ES) NOT wish to secure a home inspection. Buyer(s) accept(s) the Property **"AS IS WHERE IS"** in
50. its condition as of the Effective Date of this Contract, and acknowledge(s) that neither Seller(s) nor Listing Broker nor Seller Broker or
51. salespersons associated with this transaction have made any warranty, express, implied or otherwise, as to the Property, except such
52. express warranties as the parties agree in writing attached hereto shall survive Closing.
53. **OR**
54. ☒ **Home Inspection.** Buyer(s) shall, at Buyer(s) expense, arrange for a Home Inspection to be conducted by a Mississippi
55. licensed home inspector within ten (10) calendar days after the Effective Date of the Contract for the purpose of evaluating non-
56. cosmetic systems (roof, plumbing, heating, air conditioning, electrical, appliances) to determine if they are in proper working order.
57. Buyer(s), or any designee, and Buyer's home inspector shall have the right to enter the property at reasonable hours, with twenty-four
58. (24) hours prior notice, and conduct one or more inspections for purposes of this paragraph. On the designated inspection date(s),
59. Seller(s) shall provide unlimited access to the Property, and shall see that all utilities are on at the time of the inspection. In the event
60. of failure of Seller(s) to make proper provision for a properly noticed inspection, Seller(s) shall be responsible to Buyer(s) for
61. reasonable loss or expense incurred by Buyer(s) as a result of a failed or partial inspection, including the cost of necessitated secondary
62. inspections. If deficiencies are revealed by the Home Inspection Report that have not previously been disclosed on the Property
63. Condition Disclosure Statement ("PCDS") in accordance with Sections 89-1-501 through 89-1-527 of the Mississippi Code of 1972
64. and which require amendment of the PCDS, Buyer(s) shall identify such deficiencies to Seller(s) in writing together with a copy of
65. relevant portions of the Home Inspection Report and Seller and Buyer shall comply with Sections 89-1-501 through 89-1-527 of the
66. Mississippi Code of 1972 with regard to such disclosures, including Buyer's option to rescind this contract as set forth in Section 89-1-
67. 503 of the Mississippi Code of 1972, as amended. If non-cosmetic deficiencies are revealed by the Home Inspection Report that do
68. not require amendment of the PCDS, Buyer(s) shall identify such non-cosmetic deficiencies to Seller(s) in writing together with a
69. copy of relevant portions of the Home Inspection Report. Upon receipt of such written notice, Seller(s) agree(s) to make repairs of
70. such non-cosmetic items up to but not to exceed an aggregate total of $ ___0___ ; if such repairs exceed this amount,
71. Buyer(s) may elect within three (3) calendar days to terminate this Contract and receive a refund of any earnest money OR to accept
72. the repairs and proceed to Closing. If the Parties have inserted a zero in this blank or failed to insert any number therein and non-
73. cosmetic deficiencies are revealed by the Home Inspection Report that do not require amendment of the PCDS, Buyer(s) shall identify
74. such non-cosmetic deficiencies to Seller(s) in writing together with a copy of relevant portions of the Home Inspection Report;
75. thereafter, Buyer(s) may elect within three (3) calendar days to terminate this Contract and receive a refund of any earnest money OR
76. to accept the Property "AS IS WHERE IS" and proceed to Closing, subject to any other agreement the parties may reach in writing.
77. However, if Buyer(s) do/does not have property inspected within ten (10) days of the Effective Date of this Contract or if Buyer(s)
78. fail(s) to give timely written notice with copies of relevant portions of the Home Inspection Report or if Buyer(s) do/does not make its
79. election within three (3) days when required, then Buyer(s) agree(s) to accept the property AS IS without repairs with no warranties or
80. representations from Seller(s) or their agent(s) or representative(s), and the parties shall proceed to Closing.
81. **(E) Final Walk-Through Inspection.** Irrespective of the election made above, Buyer(s) retain(s) the right to perform a final walk-
82. through Inspection of the Property prior to Closing to verify the terms of the Contract have been fulfilled.
83. **(F) Wood Destroying Insect Report. (check one)** ☐ Buyer(s) ☒ Seller(s) shall furnish within ___14___ calendar days before
84. Closing approved FHA/VA Wood Destroying Insect Report ("WDIR") from a licensed termite company indicating that Property
85. shows no evidence of termite or other wood-destroying insect infestation. If such infestation constitutes material damage,
86. Buyer(s) can, within three (3) calendar days of receipt thereof, declare the Contract null and void and have its earnest money refunded.
87. Additionally, when infestation is found on the subject Property, Seller(s) can at its option either furnish a warranty of approved
88. treatment and correct any structural damage caused by such infestation OR deem said repairs as cost prohibitive and declare the
89. contract null and void, refunding Buyer(s)' earnest money. Parties acknowledge that Listing and Selling Broker(s), salespersons
90. associated with this transaction, Lender, and attorney(s) have the right to rely solely on the WDIR at Closing. In the event damage is
91. found thereafter, Buyer(s) release(s) Listing and Selling Broker(s), salespersons associated with this transaction, Lender, and
92. attorney(s) from any liability. Both Buyer and Seller acknowledge that the Broker(s) shall not recommend any pest control company
93. or in any way warrant the inspection or treatment made by the company or any other person, and is in no way responsible for damage
94. attributable to wood destroying insects or related repairs.
95. **(G) Pre-Closing Loss.** In the event of damage to the Property or improvements before Closing by virtue of causes beyond the parties'
96. control, such as fire, flood, war, acts of God or other causes, Seller(s) shall, within three (3) calendar days or as soon thereafter as
97. reasonably possible, notify Buyer(s) in writing of said damage, at which time Buyer(s) may, at Buyer's option:

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate
Rev. Date 02/2013
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com
Untitled

98. **(1)** cancel this contract and be entitled to the return of earnest money deposits; <u>OR</u>
99. **(2)** waive any objection and proceed to Closing on the terms set forth in this Contract; <u>OR</u>
100. **(3)** seek to reach suitable agreement with Seller(s) as to repair(s), extension of the Closing date and/or other adjustments to the
101. Contract as may be agreed upon by the parties. Failure of the parties to reach a suitable agreement within five (5) calendar days after
102. election by Buyer(s) to proceed under this option (3) shall automatically and without further notice cancel this Contract and entitle
103. Buyer(s) to the return of earnest money deposits.
104. **6. CLOSING.**
105. **(A) Deadline to Close.** Closing to be on June 17, 2014, or before if mutually agreed to in writing by the
106. parties.
107. **(B) Title And Conveyance.** At Closing, Seller shall deliver to Buyer a ☐ **General Warranty Deed**  ☒ **Special Warranty**
108. **Deed**  ☐ **Assignment of Lease**  ☐ **Quitclaim Deed** vesting title to the Property in (write names clearly): _____
109. _____ ;
110. and a certificate of title prepared by an attorney upon whose certificate title insurance may be obtained from a title insurance company
111. acceptable to Buyer(s) and qualified to do and doing business in the State of Mississippi. Seller(s) shall, prior to or at Closing, satisfy
112. and pay all outstanding mortgages, deeds of trust, special liens, taxes or special assessments, escrow amount of Property Owner's
113. Association or Condominium fees affecting the subject property which are not specifically assumed by Buyer(s) herein. Title shall be
114. good and marketable, subject only to the following items recorded in the Chancery Clerk's Office of said county: easements without
115. encroachments, applicable zoning ordinances, protective covenants and prior mineral reservations; otherwise Buyer(s), at its option,
116. may either (A) if defects cannot be cured by designated Closing date, cancel this Contract, in which case any earnest money deposit
117. shall be refunded to Buyer; (B) accept title as is and proceed to Closing; or (C) if the defects are of such character that they can be
118. remedied by legal action within a reasonable time, permit Seller(s) such reasonable time to perform this curative work at Seller(s)'
119. expense. In the event curative work is performed by Seller(s), the time specified herein for Closing shall be extended for a reasonable
120. period necessary for such cure, said period not to exceed thirty (30) days unless agreed to in writing by the parties.
121. **(C) Proration.** All taxes, rents, utility and other assessments and appropriate condominium or Property Owner's Association fees are
122. to be prorated as of the Closing date for the year of the sale.
123. **(D) Costs Of Sale.** Seller agrees to pay up to $ 0 toward total costs (subject to applicable law).
124. **(E) Possession.** Possession shall be delivered to Buyer(s) **(check one):**
125. ☒ Upon completion of Closing and full funding
126. ☐ By separate *Possession Addendum* attached and made a part of this Contract
127. **7. DISCLOSURES.**
128. **(A) Multiple Listing Service ("MLS").** The Selling Broker is a participant of the Central MS
129. Multiple Listing Service and the sales information will be provided to the MLS to be published and disseminated to its Participants.
130. **(B) Property Condition Disclosure Statement ("PCDS"). (Select One):**
131. ☒ NO Property Condition Disclosure Statement is required in accordance with Sections 89-1-501 et seq. of the Mississippi Code,
132. as amended
133. OR
134. ☐ Buyer(s) acknowledge(s) receipt of the Property Condition Disclosure Statement in accordance with Sections 89-1-501 et seq.
135. of the Mississippi Code, as amended.
136. OR
137. ☐ The Property Condition Disclosure Statement is to be delivered **after** the Buyer has made an offer, in accordance with Sections
138. 89-1-501 et seq. of the Mississippi Code, as amended. Upon delivery, the Buyer may terminate any resulting real estate contract,
139. including this Contract, or withdraw any offer for a time period of three (3) days after the delivery in person or five (5) days after the
140. delivery by deposit in mail. Such termination or withdrawal shall be without penalty and any deposit or earnest money shall be
141. promptly refunded.
142. **(C) Equal Housing Opportunity.** In accordance with the federal Fair Housing Law, it is illegal to block bust or to discriminate
143. against any person because of race, color, religion, sex, handicap, familial status or national origin in the sale or rental of housing or
144. residential lots, in advertising the sale or rental of housing, in the financing of housing or in the providing of real estate brokerage
145. services.
146. **(D) Privacy.** Signature of Buyer(s) on this Contract is authorization by Buyer(s) to the mortgage company processing a loan
147. application to examine the credit worthiness of Buyer(s). Signature of Seller(s) of this Contract is authorization to any mortgage
148. company to release any information pertinent to the mortgage secured by the Property to foresaid brokers or salespersons and the
149. closing attorney.
150. **(E) Lead-Based Paint Disclosure.** Every buyer of any interest in residential property on which a residential dwelling was **built prior**
151. **to 1978** is notified that such subject property may present exposure to lead from lead-based paint that may place young children

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate
Rev. Date 02/2013
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com
Untitled

152. at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including
153. learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular
154. risk to pregnant women. The Seller of any interest in residential real property is required to provide the Buyer with any information
155. on lead-based paint hazards from risk assessments or inspections in the Seller's possession and notify the Buyer of any unknown lead-
156. based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.
157. **8. BROKERS AND SALESPERSONS.**
158. (A) The Brokers and Salespersons involved in the transaction associated with this Contract are as follows:
159. Selling Agency _Elizabeth Knight RE_    Selling Agent _Elizabeth Knight_
160. Business Phone _601-981-0460_    Business Phone _601-946-2254_
161. Listing Agency _Kennedy and Co._    Listing Agent _Juanita Kennedy_
162. Business Phone _____    Business Phone _____
163. (B) Agency Relationship. (Check One):
164. ☐ The Listing Firm, the Selling Firm, and their salespersons represent the Seller(s) as their Client. The Buyer(s) is/are the
165. customer.
166. ☒ The Listing Firm and its salespersons represent the Seller(s). The Selling Firm and its salespersons represent the Buyer(s).
167. ☐ The Listing Firm and its salespersons represent both Seller(s) and the Buyer(s) as dual agents by mutual agreement and all
168. parties have signed and understand the Dual Agency Confirmation form provided to them by the Listing Firm.
169. ☐ The Selling Firm and its salespersons represent the Buyer(s). The Seller(s) is/are the customer.
170. (C) Compensation. The parties under this Contract or through any other negotiated agreement agree to pay as per listing agreement
171. or prior offer of cooperation and compensation. If Broker(s) collect(s) this compensation or any part thereof through legal action, the
172. defaulting party agrees to pay court costs including reasonable attorney fees. Compensation due hereunder is deemed earned, due
173. and payable upon presentation of a buyer ready, willing and able to purchase on terms acceptable to Seller(s), though Broker agrees to
174. accept payment at Closing as an accomodation to the parties.
175. (D) No Reliance. Neither party shall be bound by any terms, conditions, oral statements, warranties or representations not herein
176. contained. Seller(s) and Buyer(s) acknowledge that neither of them have relied upon any statement, representation or omission made
177. or documentation provided by the other party or the Broker(s) and salesperson(s) and their representatives relating to this transaction
178. including, but not limited to, value of the Property, condition of the Property, the decision to sell or purchase the Property, the terms or
179. condition of sale, tax or legal considerations or liability, size or condition of the Property, the presence or lack thereof of UFFI
180. insulation, the presence of or lack thereof of Exterior Insulated Finish Systems (E.I.F.S.), previous flooding, effect of or location
181. within Mississippi State Tidelands or Federal wetlands, presence of expansive soils, or the presence or absence or enforceability of
182. acceleration clauses or tax or balloon notes.
183. (E) Liability. Broker's liability to Buyer(s) and Seller(s) in this transaction shall not exceed the amount it has received as
184. compensation.
185. **9. GENERAL.**
186. (A) Agreement Complete. This Contract incorporates all prior agreements between the parties, contains the entire and final
187. agreement of the parties and cannot be changed except by their written mutual consent. Neither party shall be bound by any terms,
188. conditions, oral statements, warranties or representations not herein contained.
189. (B) Read And Understood. Each party acknowledges and hereby affirms that it has read and understands this Contract.
190. (C) Assignment. This Contract shall not be assignable by either party without consent of the other party.
191. (D) Effective Date. For purposes of this contract the Effective Date is the date the last necessary party signs.
192. (E) Notices. Any notices required or permitted to be given under this Contract shall be delivered by hand or mailed by certified or
193. registered mail, return receipt requested, in a postage prepaid envelope or by nationally recognized overnight carrier service; by
194. facsimile with receipt acknowledgement (if the fax number is listed below); or by email (if the email address is listed below), at
195. Sender's option, and addressed as follows:
196. If to Seller(s):
197. Address: _____
198. Facsimile: _____
199. Email: _____
200. If to Buyer(s):
201. Address: _____
202. Facsimile: _____
203. Email: _____
204. (F) Survival Of Contract. All express representations, warranties and covenants shall survive termination of the contract or closing
205. unless specified to the contrary. All other contractual obligations shall terminate at Closing.

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com
Rev. Date 02/2013
Untitled

206. **10. BREACH.** Specific performance is the essence of this Contract, except as otherwise specifically provided for herein and as
207. further delineated below, and **TIME IS OF THE ESSENCE.**
208. In the event of breach of this Contract by Buyer(s), Seller(s) may, at its/their option (A) accept the earnest money deposit as liquidated
209. damages and this Contract shall be null and void; OR (B) file suit in any court of competent jurisdiction for damages; OR (C) file suit
210. in any court of competent jurisdiction for specific performance and any damages. If Seller elects to proceed under (A) or (B) in this
211. section, or if Seller(s) proceed(s) under (C) and is/are unsuccessful in a suit for specific performance but receive(s) an award of the
212. earnest money deposit and/or damages, Listing Broker shall retain or be paid one-half (1/2) of the earnest money deposit amount or
213. damages awarded as their compensation, not to exceed the full compensation due under the Listing Agreement. If Seller(s)
214. elects to proceed under option (C) and secure(s) specific performance, Listing Broker shall be paid the full compensation
215. due under the Listing Agreement.
216. In the event of breach of this Contract by Seller(s), Buyer(s) may at its/their option (A) accept the refund of its earnest money deposit
217. as liquidated damages and this Contract shall be null and void; OR (B) file suit in any court of competent jurisdiction for damages, less
218. credit for earnest money returned to Buyer(s); OR (C) file suit in any court of competent jurisdiction for specific performance and any
219. damages. In the event of Seller(s)' breach, Listing Broker shall be paid the full compensation due under the Listing Agreement, unless
220. this Contract requires Buyer(s) to pay all or any portion of said compensation. If it becomes necessary to ensure the performance of
221. this Contract for either party to initiate litigation, then the non-prevailing party agrees to pay reasonable attorney fees and court costs
222. in connection therewith to the prevailing party.
223. **11. SPECIAL PROVISIONS.**    (If none, write "NONE" below):
224. _____
225. The property is to be conveyed in its
226. "present and as is" condition subject to the
227. inspection provided in lines 54-79.
228. _____
229. _____
230. — Subject to Court Approval
231. _____
232. _____
233. _____
234. _____
235. _____
236. _____
237. _____
238. _____
239. **12. EXPIRATION OF OFFER.** This offer expires at _____ o'clock ☐ AM ☐ PM, Central Standard Time (CST) on
240. _____ [date] if not accepted, countered or rejected by Seller(s) by that time.

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate
Rev. Date 02/2013
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com
Untitled

241. 13. **ATTACHMENTS. (Check All That Apply):**
242. ___ Dual Agency Confirmation                      ___ Lead Based Paint Disclosure
243. ___ Mandatory Arbitration Addendum                ___ Option Agreement
244. ___ Pre-Closing Repair/Improvement Addendum       ___ Back Up Agreement Contingency
245. ___ Right of First Refusal Addendum               ___ Property Issues Addendum
246. ___ Pre-Closing Possession Addendum               ___ VA/FHA Disclosures (as required)
247. ___ Post-Closing Possession Addendum              ___ Other _____

248. 14. **SIGNATURE BLOCKS.**

249. Signed this the 17th day of April, 2014, at _____ ☐ a.m. ☒ p.m., and a copy hereof received:
250. X BUYER _[signature]_____   BUYER _____
251. Phone _____   Phone _____

252. The foregoing offer is **accepted** this the ___ day of _____, ____, at _____ ☐ a.m. ☐ p.m.,
253. and a copy hereof received:
254. SELLER _____   SELLER _____
255. Phone _____   Phone _____
256. A copy of this *acceptance* has been received this the ___ day of _____, ____, at _____ ☐ a.m. ☐ p.m.
257. BUYER _____   BUYER _____

258. The Sellers have **countered** this offer subject to the terms of the attached Counter Offer No. _____ this the ___
259. day of _____, ____, at _____ ☐ a.m. ☐ p.m., and a copy hereof received:
260. SELLER _____   SELLER _____

261. The Sellers have received a copy of this offer and **rejected** same and make no counter offer this the ___ day of
262. _____, ____, at _____ ☐ a.m. ☐ p.m., and a copy of this rejection has been delivered
263. to Buyer(s).
264. SELLER _____   SELLER _____
265. A copy of this *rejection* has been received this the ___ day of _____, ____, at _____ ☐ a.m. ☐ p.m.
266. BUYER _____   BUYER _____

Copyright ©2013 by Mississippi Association of REALTORS®
F1 - Contract for the Sale and Purchase of Real Estate                                      Rev. Date 02/2013
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        Untitled



# WORKING WITH A
# REAL ESTATE BROKER
**\*\*THIS IS NOT A LEGALLY BINDING CONTRACT\*\***

Approved 01/2003 By
MS Real Estate Commission
P. O. Box 12685
Jackson, MS 39232

## GENERAL

Before you begin working with any real estate agent, you should know whom the agent represents in the transaction. Mississippi real estate licensees are required to disclose which party they represent in a transaction and to allow a party the right to choose or refuse among the various agency relationships.

There are several types of relationships that are possible and you should understand these at the time a broker or salesperson provides specific assistance to you in a real estate transaction,

The purpose of the Agency Disclosure is to document an acknowledgement that the consumer has been informed of various agency relationships, which are available in a real estate transaction.

For the purpose of this disclosure, the term seller and/or buyer will also include those other acts specified in Section 73-35-3 (1), of the Miss. Code, "...list, sell, purchase, exchange, rent, lease, manage, or auction any real estate, or the improvements thereon including options."

## SELLER'S AGENT

A seller can enter into a "listing agreement" with a real estate firm authorizing the firm and its agent(s) to represent the seller in finding a buyer for his property. A licensee who is engaged by and acts as the agent of the Seller only is known as a Seller's Agent. A Seller's agent has the following duties and obligations:
**To the Seller:**
* The fiduciary duties of loyalty, confidentiality, obedience, disclosure, full accounting and the duty to use skill, care and diligence.

**To the Buyer and Seller:**
* A duty of honesty and fair dealing.
* A duty to disclose all facts known to the Seller's agent materially affecting the value of the property which are not known to, or readily observable by, the parties in a transaction.

## BUYER'S AGENT

A buyer may contract with an agent or firm to represent him/her. A licensee who is engaged by and acts as the agent of the Buyer only is known as the Buyer's Agent.

If a Buyer wants an agent to represent him in purchasing a property, the buyer can enter into a Buyer's Agency Agreement with the agent. A Buyer's Agent has the following duties and obligations:
**To the Buyer:**
* The fiduciary duties of loyalty, confidentiality, obedience, disclosure, full accounting and the duty to use skill, care and diligence.

**To the Seller and Buyer:**
* A duty of honesty and fair dealing.

## DISCLOSED DUAL AGENT

A real estate agent or firm may represent more than one party in the same transaction. A Disclosed Dual Agent is a licensee who, with the informed written consent of the Seller and Buyer, is engaged as an agent for both Seller and Buyer.

As a disclosed dual agent, the licensee shall not represent the interests of one party to the exclusion or detriment of the interests of the other party. A disclosed dual agent has all the fiduciary duties to the Seller and Buyer that a Seller's or Buyer's agent has except the duties of full disclosure and undivided loyalty.

**A Disclosed Dual Agent may not disclose:**
(a) To the Buyer that the Seller will accept less than the asking or listed price, unless otherwise instructed in writing by the Seller.
(b) To the Seller that the Buyer will pay a price greater than the price submitted in a written offer to the Seller, unless otherwise instructed in writing by the Buyer.
(c) The motivation of any party for selling, buying, or leasing a property, unless otherwise instructed in writing by the respective party, or
(d) That a Seller or Buyer will agree to financing terms other than those offered, unless otherwise instructed in writing by the respective party.

**IMPORTANT NOTICE!**

"Customer" shall mean that person not represented in a real estate transaction. It may be the buyer, seller, landlord or tenant.

A Buyer may decide to work with a firm that is acting for the Seller (a Seller's Agent or subagent). If a Buyer does not enter into a Buyer Agency Agreement with the firm that shows him properties, that firm and its agents may show the buyer properties as an agent or subagent working on the seller's behalf. Such a firm represents the Seller (not the Buyer) and must disclose that fact to the Buyer.

When it comes to the price and terms of an offer, the Seller's Agent will ask you to decide how much to offer for any property and upon what terms and conditions. They can explain your options to you, but the final decision is yours, as they cannot give you legal or financial advice. They will attempt to show you property in the price range and category you desire so that you will have information on which to base your decision.

The Seller's Agent will present to the Seller any written offer that you ask them to present. You should keep to yourself any information that you do not want the Seller to know (i.e. the price you are willing to pay, other terms you are willing to accept, and your motivation for buying). The Seller's agent is required to tell all such information to the Seller. You should not furnish the Seller's agent anything you do not want the Seller to know. If you desire, you may obtain the representation of an attorney or another real estate agent, or both.

---

**THIS IS NOT A CONTRACT. THIS IS AN ACKNOWLEDGEMENT OF DISCLOSURE**

The below named Licensee has informed me that brokerage services are being provided me as a:

- ☐ Client    (Seller's or Landlord's Agent)
- ☒ Client    (Buyer's or Tenants Agent)        ☐ Customer    (Not as my Agent)
- ☐ Client    (Disclosed Dual Agent)

By signing below, I acknowledge that I received this informative document and explanation prior to the exchange of confidential information which might affect the bargaining position in a real estate transaction involving me.

_4-17-2014_
(Date)

X _____     _Elizabeth Kyl_     _____
(Client)                    (Licensee)          (Customer)
                            _Elizabeth Kyle Realtor_
_____       (Company)           _____
(Client)                                        (Customer)

**LICENSEE** - Provide a copy of disclosure acknowledgement to all parties and retain signed original for your files.

Click here to report a possible inaccuracy on this listing
Click photo to enlarge or view multi-photos.

**Residential** MLS#: 255930m  VT: N
**3426 OLD CANTON RD**
**JACKSON, MS 39216**
Subdivision: **WOODLAND HILLS**
SubType: **Detached**
Year Built: **1993**
Approximate SQFT: **4,867/Owner**
School District:
Elem Sch: **Boyd**
High Sch: **Murrah**

Status: **Active**        LP: $405,000
DOM: **244**              OLP: $498,000
County: **Hinds**
Style: **Mediterranean/Spanish**
ListType: **ERS**
Construction Complete Date:     New?: **N**
BR: **5**                 Baths: **5/1**
Middle Sch: **Chastain**
Other Sch: **PRIVATE & PAROCHIAL**

Legal Description: Lot 15 Blk A Woodland Hills-additional legal description on tax roll
Directions: Meadowbrook Exit off I-55 to Old Canton Rd. In the Heart of Fondren and Woodland Hills!

### General Information
Acres: **0.000**                  Lot Desc: **0 to .5 Ac**          Lot Size:                        New Const:
Garage/Cap: **2 Car, Attached, Garage, Paved/2**   Stories: **2**           Fireplaces: **1**                Handicap: **N**
Total Rooms: **16**               Exterior: **Brick, Wood**         Flood Ins: **Flood Insurance not presently Required**
Foundation: **Conventional, Piling**                                 Green Certified:                 Floors: **Carpet, Tile**

### Rooms & Features
Rooms: **Bedroom(s) Entry Level, Bonus Room, Dining Room, Foyer, Great Room, Master Suite, Master Suite Upper, Pantry, Utility Room, Keeping Room**
Appliances: **Cooktop, Dishwasher, Disposal, Microwave, Refrigerator, Vent Hood**
Amenities: **None**
Heating/Source: **Central Heating/Natural Gas**
Cooling: **Ceiling Fan(s), Central Air**
Equipment: **Jetted Tub, Water Filtration (Entire House)**
Interior: **9+ Ceilings, Double Vanity, Fireplace, Garden Tub, Master Bath, Separate Shower, Walk-In Closet**
Special Needs: **None**
Utility Conn.: **Cat-5 Prewired, Ice Maker Connection**
Utility Companies: **Electric: Entergy**
Floors: **Carpet, Tile**
Cooktop: **Gas**                                  Oven Type: **Electric**
Sewer: **Public**                                 Water: **Public**
Fence: **Full (Back)**                            Security: **Security Patrol**
Patio: **Deck**                                   Windows: **Insulated**
Pool/Heat: **None/None**                          Water Heater: **Electric, Gas**
Roof:                                             Roof Features: **Power Attic Vent**
Waterfront: **None**                              Irrigation: **None**
Structures: **None**                              Basement: **None**

### Taxes & Financing
Homestead: **Y**                  Homestead Yr: **2012**            Exemptions: **N**
Assumable:                        Lsehold Fee: **0**                Lsehold Fee Increase:
HO Assoc: **N**                   HO Fee: **/**                     Parcel ID: **3-14-1**
Assoc Fee Inc:                    HOA Transfer Fee YN? **N**        Financing: **Cash, Conventional, Private**
Tax Amt: **$6,169**               Tax Year: **2012**                Sold in Prev 12 Mos:

### Comments
Public Remarks: **Former Builder's Personal Home! Designed with Details! Ahead of its Time in Caliber and Amenities! Tile Roof! High Ceilings! Two Story Greatroom! Flagstone Floors! Picture Windows! Formal Dining! Gourmet Kitchen with Keeping Room! Guest Suite Down! Bonus Room filled with Windows! Master Suite with Screen in Covered Backporch! Whirlpool and Separate Shower with His and Her Vanities! Awesome Kids Room with Private Baths! Fenced Wooded Backyard with Deck and Patio adjoining Premier Estate Properties in Woodland Hills!Fondren!**
REALTOR Remarks: **This is a court ordered sale therefore there is no disclosure. As is where is condition. Call or text Juanita Kennedy-601-955-9731 if you want to show. Vacant.**

### Office and Showing Information
LstOff: **KENNEDY & CO. REAL ESTATE, INC.**   Cntct Ordr  Ph. Num         Owner
LstAgt: **JUANITA KENNEDY - 4759**            Direct      601-898-2999    Owner Ph.:
Co-Off:                                       Cell        601-955-9731    Occupied:    **Vacant**
Co-Agt: -                                     Home        (601) 853-2272  Tenant:
CSO:   **2.5**  Co-op: / SC: / OC:                                        Tenant Ph.:
LB Loc.  **FrontDr**                                                       Exclusions:  **NONE**
Poss.    **Negotiable**                 Warranty: **N**                    Lst Date:    **08/13/2013**
ToShow   **Lockbox, Show Anytime, Call Before Showing**   Limited Service   VRC:        Exp Date:    **07/31/2014**

--Information deemed reliable but not guaranteed--Copyright: 2014 by the Multiple Listing Service of Jackson, Inc.
Prepared by ELIZABETH KNIGHT of KNIGHT, ELIZABETH, REAL ESTATE on 4/14/2014 10:08:48 AM

http://mls.jacksonrealtor.com/ListitJackson/ListitLib/report_builder.aspx                4/14/2014