IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: KENNETH LEE SIMMONS and                                CHAPTER 13
MARY ALLISON SIMMONS                                   CASE NO. 12-00937-ee

**RESPONSE OF TRUSTMARK NATIONAL BANK
TO TRUSTEE'S MOTION FOR AUTHORITY TO SELL**

COMES NOW, Trustmark National Bank ("Trustmark") and hereby files its Response to the

Trustee's Motion for authority to sell assets free and clear of liens (Doc. 42).  In Response thereto,

Trustmark would show unto the Court the following:

1.      Admitted.

2.      Admitted.

3.      Trustmark admits that the Debtors owned the real property located at 3426 Old Canton Road,

Jackson, Mississippi at the time of the filing of the bankruptcy petition.  Trustmark affirmatively

asserts that it holds a duly filed and perfected Deed of Trust on the subject property which was  filed

of record in the land records of the First Judicial District of Hinds County on January 24, 2007 at

Book 6632, Page 337.  Trustmark affirmatively asserts that said Deed of Trust is a valid and

enforceable first mortgage deed of trust on the subject real property.  As of April 28, 2014 the

amount of outstanding principal and interest due and payable on Trustmark's loan to the Debtors was

$362,777.71, plus continuing per diem interest, attorneys fees and court costs.

4.      Admitted.

5.      Trustmark does not object to the proposed sale of the subject property or the payment of a

real estate commission from the sale proceeds, but affirmatively asserts that the Court should

authorize and direct the Trustee to pay the net sale proceeds to Trustmark in satisfaction or partial

satisfaction of its lien.

6.      Admitted.

7.      Admitted.  Trustmark affirmatively asserts that the Court should direct and order the Trustee

to pay the net sale proceeds to Trustmark in satisfaction or partial satisfaction of its lien.

8.      Admitted.

9.      Trustmark submits that the Court should grant the Trustee's motion for authority to sell

assets, but further direct and order the Trustee to pay the net sale proceeds to Trustmark in

satisfaction or partial satisfaction of its lien.

WHEREFORE, PREMISES CONSIDERED, Trustmark submits that the Court should grant

the Trustee's motion for authority to sell, but further direct and order the Trustee to pay the net sale

proceeds to Trustmark in satisfaction or partial satisfaction of its lien.

Respectfully submitted,

TRUSTMARK NATIONAL BANK

BY:   WILLIFORD, McALLISTER & JACOBUS, LLP
       303 Highland Park Cove, Suite A
       Ridgeland, MS  39157-6059
       (601) 991-2000
       pmcallister@wmjlaw.com

BY: *Patrick F. McAllister*_____
       PATRICK F. MCALLISTER, MSB #2177

## **CERTIFICATE OF SERVICE**

I, Patrick F. McAllister, do hereby certify that I have this day served a true and correct copy

of the above and foregoing Motion upon the following via the Court's electronic filing system:

Eileen N. Shaffer, Esq.
P. O. Box 1177
Jackson, MS
Attorney for the Debtors

Derek A. Henderson, Esq.
111 E. Capitol St., Suite 455
Jackson, MS 39201
Chapter 7 Trustee

DATED:  this the 7th day of May, 2014.


*Patrick F. McAllister*
PATRICK F. MCALLISTER