IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                               CHAPTER 7
KENNETH LEE SIMMONS AND
MARY ALLISON SIMMONS, DEBTORS           CASE NO. 12-00937-EE

**RESPONSE TO MOTION FOR AUTHORITY TO SELL
ASSETS FREE AND CLEAR OF ALL LIENS**

COMES NOW Bank of America, N.A. (hereinafter "Bank of America"), by and through its attorneys, and in response to the Motion for Authority to Sell Assets Free and Clear of all Liens [doc. 42] would respectfully submit the following:

1. Bank of America filed its proof of claim in this case (claim #21-2), as servicer for Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset Backed Certificates series 2004-2 (hereinafter "Bank of New York Mellon"), in which it asserted a first priority lien on the subject property.

2. Bank of America has appealed a ruling in the adversary proceeding, which found that the lien held by Bank of New York Mellon was not perfected, and subject to avoidance by the Trustee.

3. Bank of America has also filed a Motion to Stay Execution of Judgment [doc. 67] in the adversary proceedings, pending a final ruling on its appeal.

4. Bank of America has learned that the proposed purchase offer set forth in the Trustee's motion has been withdrawn, and as a result, there is no sale pending at this time. Therefore, the parties would not be prejudiced should the motion of the trustee be denied or held in abeyance, subject to being reasserted at such time as an offer to purchase is made on the subject property.

5. Bank of America would request that Bank of New York Mellon be afforded all rights to which it would otherwise be entitled as a first priority lienholder, pending a ruling on the appeal filed in the adversary case.

6. Bank of America would submit that should a third party buyer be located for the property at issue, and a Section 363 sale be held, that Bank of America, as servicer for Bank of New York Mellon, be allowed to credit bid, and post a sufficient bond pending its appeal to protect the affected parties.

7. Alternatively, Bank of America would submit that any funds, received by the Trustee as a result of a sale to a third party, should be held in trust by the Trustee, pending a final ruling on the appeal filed by Bank of America.

8. Bank of America respectfully requests any other relief to which it may be entitled in the circumstances.

WHEREFORE, PREMISES CONSIDERED, Bank of America respectfully requests that the Trustee's Motion to Sell Assets Free and Clear of All Liens be denied or be held in abeyance, since the prospective buyer has withdrawn his offer to purchase the subject property. Alternatively, Bank of America requests that the Bank of New York Mellon's first priority lien status be preserved, pending the resolution of the appeal in the adversary case, and that Bank of New York Mellon be afforded all rights to which it would otherwise be entitled as a first priority lienholder.

Respectfully submitted this the 19th day of May, 2014.

Bank of America, N.A.

By:  /s/ Laura Henderson-Courtney
Laura Henderson-Courtney, MSB #2266
Attorney for Bank of America, N.A.

Laura Henderson-Courtney
Underwood Law Firm PLLC
340 Edgewood Terrace Drive
Jackson, MS  39206
Tel:  (601) 326-5562
Fax: (601) 362-5673
lhc@underwoodlawfirm.com

## CERTIFICATE OF SERVICE

I, Laura Henderson-Courtney, an attorney for Bank of America, N.A., and hereby certify that the following were served via ECF system with a true and correct copy of the Response to Motion for Authority to Sell Assets Free and Clear of Liens to:

Eileen Shaffer, the Debtor's attorney,  enslaw@bellsouth.net

Derek A. Henderson, Chapter 7 Trustee, derek@derekhendersonlaw.com

Donald Alan Windham, Jr., awindham@balch.co

U.S. Trustee, USTPRegion05.JA.ECF@usdoj.gov

THIS, the 19th  day of  May, 2014.

                                               /s/ Laura Henderson-Courtney
                                              Laura Henderson-Courtney
                                              MSB #2266